UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HOMEOWNER OPTIONS FOR MASSACHUSETTS ELDERS, INC.<br><br>  Plaintiff,<br><br>v.<br><br>BROOKLINE BANCORP, INC., BROOKLINE SAVINGS BANK, BROOKLINE BANK, AND BROOKLINE BANCORP, M.H.C. | CIVIL ACTION NO.<br>1:09-cv-11790-NMG |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS ON COUNTS I AND II AND FOR SUMMARY JUDGMENT ON COUNTS III, IV, AND V

Defendants Brookline Bankcorp, Inc., Brookline Savings Bank, Brookline Bank, and Brookline Bancorp, M.H.C. ("Brookline Bank" or "Defendants") have moved for judgment on the pleadings under Fed. R. Civ. P. 12(c) on counts I and II of the Complaint of plaintiff Homeowner Options for Massachusetts Elders, Inc. ("H.O.M.E." or "Plaintiff"). Defendants have moved for summary judgment on the remaining counts III, IV, and V of the Complaint.

Counts I and II allege copyright infringement based on Defendants' alleged copying of a mortgage form. These counts fail to state a claim as a matter of law because the mortgage form lacks the originality necessary to be entitled to copyright protection. Its terms were copied from another pre-existing form attached to the Complaint and in the public domain.

Counts III, IV, and V allege trademark infringement based on Defendants' use of a form displaying Plaintiff's name that was used only to order mortgage analyses and schedules from a third party financial analysis company. The accompanying Affidavit of Wesley K. Blair III establishes that the order form was provided to Brookline Bank by the financial analysis

company itself, which directed Brookline Bank to use the form when ordering analyses and schedules from that company. Brookline Bank made no other use of the form. Defendants are entitled to summary judgment on the trademark counts because there was no actionable likelihood of confusion in connection with this use of the order form.

## FACTS

Brookline Bank (formerly known as Brookline Savings Bank), has been a federally chartered stock savings institution since 2001. Affidavit of Wesley K. Blair III ("Blair Aff.") ¶ 2. It is supervised, examined and regulated by the federal Office of Thrift Supervision. Id. Brookline Bank is owned by Brookline Bancorp, Inc., a publicly traded Delaware-chartered savings and loan holding company. Id.[1]

H.O.M.E. alleges that it offers mortgage counseling services to the elderly and developed a reverse mortgage plan approved by the Massachusetts Commissioner of Banks. Complaint ¶¶ 11-17.

**Facts Relevant to the Counts I and II Copyright Claims**

The Complaint alleges that in 1986 H.O.M.E. created an operating manual, which was revised in 1989 (the "Operating Manual"). Complaint ¶¶ 19, 21. The Complaint alleges that H.O.M.E. licenses the Operating Manual to licensees for their use. Complaint ¶¶ 26. The Complaint alleges that Brookline Bank was a licensee of the Operating Manual until 1997 when its license terminated. Complaint ¶¶ 25-30.

The Operating Manual is attached to the Complaint as Exhibits 9 and 11, and includes various forms, including the following forms:

---

[1] Brookline Bancorp, Inc. was formerly owned by Brookline Bancorp, M.H.C., a mutual holding company. However, Brookline Bancorp, Inc. went public in 2002 and the mutual holding company was eliminated. Thus, only two of the four Brookline Defendants, Brookline Bank and Brookline Bancorp, Inc., are extant and properly named as defendants.

    1.       a Boston Five Cents Savings Bank ("Boston Five") mortgage loan questionnaire form (Docket Number ("Dckt. #") 1-9, pages 44 to 47 & Dckt. # 1-15, pages 18 to 21);

    2.       a Federal National Mortgage Association ("FNMA") deposit verification form (Dckt. # 1-9, page 48);

    3.       a Boston Five credit reference form (Dckt. # 1-9, page 49), and

    4.       a FNMA employment verification form (Dckt. # 1-9, page 50).

The Operating Manual also contains two mortgage forms. The original 1986 Operating Manual (Complaint Exhibit 9) contains a "FNMA/FHLMC Uniform Instrument" "1 to 4 Family" mortgage form bearing the date "7/78" (Dckt. # 1-11, pages 29 to 32) (the "FNMA/FHLMC Mortgage Form").[2] This form is in the public domain.[3]

The revised 1989 Operating Manual (Complaint Exhibit 11) contains a mortgage form dated "7/88" (the "H.O.M.E. Mortgage Form") (Dckt. # 1-15, pages 25 to 31). The H.O.M.E. Mortgage Form allegedly contains "copyrightable mortgage agreement terms created by H.O.M.E. staff." Complaint ¶ 22. The Complaint alleges that Brookline Bank copied the H.O.M.E. Mortgage Form without H.O.M.E's permission. Brookline Bank's alleged copying of the H.O.M.E. Mortgage Form is the sole basis for Counts I and II. See Complaint ¶¶ 49-60 and Exhibits 17-19, 21.[4]

---

[2] FHLMC stands for the Federal Home Loan Mortgage Corporation, also known as Freddie Mac. FNMA is known as Fannie Mae. Both are U.S. government sponsored enterprises chartered by the U.S. Congress. 12 U.S.C. § 1717; 12 U.S.C. § 1451 et seq.

[3] 17 U.S.C. § 105 ("Copyright protection under this title is not available for work of the United States Government"). Indeed, as Freddie Mac's website explains, Freddie Mac encourages banks to use its form. The current version of the FNMA/FHLMC mortgage form can be downloaded from Freddie Mac's website: http://www.freddiemac.com/uniform/unifsecurity.html#highlights (last viewed March 15, 2010).

[4] The Complaint attaches copyright registrations for the entire Operating Manual. Complaint Exhibits 12 & 13. H.O.M.E. thereby purported to copyright the Manual's entire contents at once, including the various FNMA, FNMA/FHLMC, and Boston Five Cent forms contained in the Operating Manual, which are clearly not copyrightable by H.O.M.E. The validity of H.O.M.E.'s registrations is questionable, and Brookline Bank assumes the validity of the registrations only for purposes of this motion.

A simple comparison of the terms of the 1978 FNMA/FHLMC Mortgage Form contained in H.O.M.E.'s 1986 Operating Manual (Complaint Exhibit 9) to the terms of the 1988 H.O.M.E. Mortgage Form contained in H.O.M.E.'s 1989 revised Operating Manual (Complaint Exhibit 11) shows that the H.O.M.E. Mortgage Form terms were copied from the FNMA/FHLMC Mortgage Form. A copy of the H.O.M.E. Mortgage Form is attached as Exhibit A (Dckt. # 1-15, pages 25 to 31). A copy of the FNMA/FHLMC Mortgage Form is attached as Exhibit B (Dckt. # 1-11, pages 29 to 32), with the portions of the form copied by the H.O.M.E. Mortgage form highlighted in yellow. A chart with a side by side comparison of the terms of H.O.M.E.'s form to the FNMA/FHLMC form is attached as Exhibit C.

**Facts Relevant to the Counts III, IV and V Trademark Claims**

A financial analysis company named Financial Publishing Company provides financial analyses and schedules in connection with reverse mortgage loans. Complaint ¶ 31. The Complaint alleges that Brookline Bank "communicated to Financial Publishing Company copies of a 'H.O.M.E. Loan Reverse Annuity Analysis & Schedule Order Form'" (the "Order Form") that displays the name "H.O.M.E." in three places. Complaint ¶¶ 32-33. Counts III, IV, and V of the Complaint allege that H.O.M.E. has trademark rights in the name H.O.M.E. and that Brookline Bank infringed H.O.M.E.'s trademark rights by its "use of the 'H.O.M.E.' mark" on the Order Form that it submitted to FPC. Complaint ¶¶ 67, 73, 80.

The accompanying Affidavit of Wesley K. Blair III ("Blair Aff.") establishes that Financial Publishing Company ("FPC") itself provided the Order Form to Brookline Bank when Brookline Bank contacted FPC for help in performing reverse mortgage loan calculations. FPC sent the Order Form to Brookline Bank and instructed the Bank to fill out and submit the form with the information that FPC needed to perform its analyses. As directed by FPC, Brookline

Bank filled out the form and submitted it to FPC on ten occasions from 2004 to 2009. Blair Aff. ¶¶ 5-6. There is a line on the form that contains the phrase "Send Copy to H.O.M.E." with a space for the individual preparing the form to choose "Yes" or "No." Blair Aff. ¶ 7 ; Complaint ¶ 34. Brookline Bank checked "No" because it had nothing to do with H.O.M.E. at the time. Blair Aff. ¶ 7. Brookline Bank made no use of the Order Form other than submitting it to FPC. Id. ¶ 8.

Defendants are entitled to judgment on the pleadings on Counts I and II because the H.O.M.E. Mortgage Form is not subject to copyright protection. Defendants are entitled to summary judgment on Counts III, IV, and V because the Bank's use of the Order Form provided by FPC to order analyses from FPC as directed by FPC created no actionable likelihood of confusion.

## LEGAL STANDARD

The applicable legal standard for a Rule 12(c) motion is identical to that on a Rule 12(b)(6) motion to dismiss. Under Rule 12 (b)(6), a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). However, "the tenet that the court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which must be supported with factual allegations. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). A complaint does not meet Rule 8's requirements when "it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557 (alteration in original). In considering the merits of a motion to dismiss, the court may look only to the facts alleged in the pleadings, documents attached as exhibits to or incorporated by reference in the complaint and

matters of which judicial notice can be taken.  Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000).

Summary judgment is appropriate where there is no genuine issue as to any material fact and where the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 325-27 (1986).  "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'  Fed. Rule Civ. Proc. 1."  Id. at 327.

## ARGUMENT

**I.     Counts I and II Fail As a Matter of Law Because, As A Matter of Law, the H.O.M.E. Mortgage Form is Not Subject to Copyright Protection**

The copyright claims must be dismissed with prejudice because the H.O.M.E. Mortgage Form terms are not copyrightable.  The H.O.M.E. Mortgage Form, rather than containing "copyrightable mortgage agreement terms created by the H.O.M.E. staff", as conclusorily alleged in Complaint ¶ 22, consists wholly of terms copied by H.O.M.E from the pre-existing, public domain FNMA/FHLMC Mortgage Form contained in the Operating Manual.  This is apparent from the Exhibit C comparison of the two forms, both of which are attached to the Complaint.  The copied terms of Plaintiff's mortgage form lack the originality needed to qualify for copyright protection.[5]

**A.     It is Doubtful Whether A Mortgage Form is Copyrightable At All**

As an initial matter, it is doubtful whether a common and functional mortgage form is copyrightable at all.  "Where a particular form of expression is dictated solely by functional

---

[5] This motion reserves other challenges to the copyright claims, including, without limitation, (a) whether the merger doctrine bars Plaintiff's claims, (b) the applicability of the fair use defense, and (c) the copyrightability of purely functional legal documents the purpose of which is to meet legal requirements, not to create original forms of expression.

considerations, the requisite originality may be missing." Merritt Forbes & Company Incorporated v. Newman Investment Securities, Inc., 604 F. Supp. 943, 951 (S.D.N.Y. 1985). Legal requirements, common use of standard forms, and industry need for uniformity may also preclude the exercise of creative judgment required for copyright protection. Id. at 952. One treatise posits, "There appear to be no valid grounds why legal forms such as contracts, insurance policies, pleadings and other legal documents should not be protected under the law of copyright." 1 Nimmer on Copyright, § 2.18[E] (2009). However, Defendants have found no case in which a plaintiff asserted a copyright in a mortgage form.

In Merritt Forbes & Company Incorporated, supra, the court found that although there was no outright public policy copyright exemption for bond transaction documents, looser "fair use" defense standards might apply given the need for uniformity in, and resulting standardization of, such documents. Id. at 948-51. The Merritt court found that a trial would be necessary on plaintiff's copyright claim because defendant had not in support of summary judgment offered "specific evidence of earlier documents or sources upon which the various documents in question were allegedly based, nor does it analyze the documents of both parties in detail to support its allegations that the underlying concept is capable of limited expression." Id. at 952.

In Mid America Title Company v. Kirk, 991 F.2d 417, 422 (7th Cir. 1992), the court reversed the grant of a motion to dismiss a copyright infringement claim, finding that plaintiff had adequately pled a copyrightable interest in title commitment documents. Id. at 422-23. The defendant argued (i) that the standards for a title examination and the limited body of facts upon which the examination is based render the process of selection so routine as to require no creativity, (ii) that all title commitments will be essentially identical, and (iii) that there was a

merger of idea and express resulting in no copyrightable material. The court found that these arguments would be more properly addressed at the summary judgment stage. Id. at 422. Compare Phoenix Renovation Corp. v. Rodriguez, 439 F. Supp. 2d 510, 516-17 (E.D. Va. 2006) (granting plaintiff's motion for summary judgment finding of liability for infringement of plumbing form contract, where plaintiff testified that he created portions of the contract and "Defendants have not produced a single form contract supporting their claim that the [plaintiff's contract] contains mere boilerplate language").

As noted, Defendants have found no copyright case addressing a real estate mortgage in particular. The lack of any such case indicates a general understanding that mortgages are not subject to copyright at all.

### B. In Any Event, the H.O.M.E. Mortgage Form Is Clearly Not Copyrightable Because It Merely Copies from the Pre-Existing Public Domain FNMA/FHLMC Mortgage Form

Copyright cases do make clear that legal forms that merely copy and paraphrase terms of forms in the public domain are not copyrightable.

In M.M Business Forms Corporation v. Uarco, Inc., 472 F.2d 1137, 1140 (6th Cir. 1973), the Sixth Circuit denied copyright protection to the terms in a form contract because they "do nothing more than make a mosaic of the language appearing on other existing forms already in the public domain." Id. at 1139-40. "Even though word arrangements have been altered, they are at best merely a paraphrasing of earlier forms." Id at 1140. The provisions lacked the requisite originality and creativity to qualify for copyright protection. Id.

The Fifth Circuit came to the same result in O.W.Donald v. Zack Meyer's T.V. Sales and Service, 426 F.2d 1027 (5th Cir. 1970), denying copyright protection to a form contract similar to a type of contract published in numerous form books. The court found that that the form was

at most a paraphrase of various portions of earlier forms, and noted that "in copyright law paraphrasing is equivalent to outright copying." Id. at 1030. See also O.W. Donald v. Uarco Business Forms, 478 F.2d 764, 766 (8th Cir. 1973) (standard legal form similar to existing forms lacked "the minimum degree of creativity and originality necessary to support a valid copyright").

Notably, the Merritt Forbes and Phoenix Renovation cases discussed above deferred decision on summary judgment or found for plaintiff after trial only because defendants had failed to produce evidence of any pre-existing forms on which they said plaintiffs' forms were based.

Here, H.O.M.E.'s Mortgage Form falls into the category of a standard legal form based on a pre-existing public domain form, lacking sufficient creativity and originality to merit copyright protection. The terms of the 1988 H.O.M.E. Mortgage Form (Complaint Exhibit 11, Dckt. # 1-15, pages 25 to 31) are obviously copied from the 1978 FNMA/FHLMC Mortgage Form contained in H.O.M.E.'s original 1986 Operating Manual (Complaint Exhibit 9, Dckt. # 1-11, pages 29 to 32). The chart attached hereto as Exhibit C compares the entire H.O.M.E. Mortgage Form (Exhibit A hereto) to the corresponding provisions of the pre-existing FNMA/FHLMC Mortgage Form (Exhibit B hereto, copied provisions highlighted in yellow).[6] Some terms are identical word-for-word copies. As to the remaining terms, "[e]ven though the word arrangements have been altered," M.M Business Forms, 472 F.2d at 1140, or words deleted, the comparison chart demonstrates that every single remaining term of H.O.M.E.'s mortgage form is simply a paraphrase of the corresponding term in the FNMA/FHLMC form.

---

[6] The Court can of course consider the two mortgage forms on a motion on the pleadings because Plaintiff includes both forms within exhibits to the Complaint. Nollet v. Justices,, 83 F. Supp. 2d at 208.

The H.O.M.E. Mortgage Form contains not a single term that was not copied from the pre-existing 1978 FNMA/FHLMC mortgage form contained in H.O.M.E.'s own 1986 Operating Manual.  The H.O.M.E. form, with 16 numbered paragraphs, copies all but six of the terms from the FNMA/FHLMC form, which has 22 numbered paragraphs.  The six omitted terms are either insignificant or obviously inapplicable to a reverse mortgage loan.[7]  Even the order of the terms in the H.O.M.E. Mortgage Form is copied from the FNMA/FHLMC form.

No new expression was added by H.O.M.E. to its form mortgage.  This is not surprising inasmuch as Freddie Mac encourages banks to use the FNMA/FHLMC form mortgage whenever possible to promote uniformity in residential mortgages, which are frequently  assigned from one institution to another.  See http://www.freddiemac.com/uniform/unifsecurity.html#highlights (last viewed March 15, 2010).  Creativity in expression is the opposite of what is required from a purely functional mortgage form.

Because it simply copies terms of the FNMA/FHLMC Mortgage Form and adds no new material, the H.O.M.E. Mortgage Form can not be characterized as a new work derivative of the public domain FNMA/FHLMC Mortgage Form.  "A derivative work consists of a contribution of original material to a pre-existing work so as to recast, transform or adapt the pre-existing work."  1 Nimmer on Copyright, § 3.03[A] at 3-7 (2009).  Thus, although derivative works can include an abridgment or condensation, see 17 U.S.C. § 101, the process of abridging or condensing must reflect creative expression and create a new work.  Here, the H.O.M.E. Mortgage Form merely paraphrases some terms and omits other terms of the FNMA/FHLMC Mortgage Form.  At best, the H.O.M.E.'s form reflects the purely functional exercise of deleting

---

[7] The omitted terms were the following:  "2. Funds for Taxes and Insurance"; "3.  Application of Payments"; "12. Remedies Cumulative"; "16. Borrower's Copy"; "20. Assignment of Rents; Lender in Possession."; and "21. Future Advances."

some unnecessary or inapplicable terms and language, not a creative exercise producing a transformed, original form of expression.

The H.O.M.E. Mortgage Form terms were copied, not created, by H.O.M.E. The terms are not original. Counts I and II must therefore be dismissed.

Defendants request an award of a reasonable attorney's fee incurred in defending Plaintiff's copyright claims, under 17 U.S.C. § 505,[8] in an amount to be determined by the Court after decision on this motion. Factors justifying an award of fees in this case include the objective unreasonableness of H.O.M.E.'s conduct in purporting to register copyrights for forms in the public domain, see note 4, supra, and claiming infringement of a form copied from a public domain form. Fogarty v. Fantasy, Inc., 510 U.S. 517, 534 n. 19 (1994) (factors supporting a fee award include objective unreasonableness); see generally Edwards v. Red Farm Studio, 109 F.3d 80 (1st Cir. 1997) (reversing denial of fee award).

## II. Counts III, IV, and V Fail Because of the Lack of Actionable Likelihood of Confusion

Counts III, IV and V allege statutory and common law trademark infringement based on Brookline Bank's use of the Order Form provided to it by FPC to use in ordering calculations from FPC. Even assuming, for purposes of this motion, the validity of H.O.M.E.'s alleged trademark in the generic word "home", and that use of the Order Form provided by FPC to order calculations from FPC constituted use of the mark, Defendants are entitled to summary judgment

---

[8] Title 17 section 505, titled "Remedies for infringement," provides as follows: "Costs and attorney's fees In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."

on the trademark claims, because, on the undisputed facts, there was no actionable likelihood of confusion.

"'Likelihood of confusion' is the basic test of both common-law trademark infringement and federal statutory trademark infringement." McCarthy on Trademarks and Unfair Competition, Fourth Edition, § 23.1 (2010). "For likelihood of confusion to be actionable, 'confusion has to exist in the mind of a relevant person.' Astra Pharm. Prods., Inc. v. Beckman Instruments, Inc., 718 F.2d 1201, 1207 (1st Cir.1983)." Beacon Mutual Insurance Company v. OneBeacon Insurance Group, 376 F.3d 8, 10 (1st Cir. 2004). "Confusion is relevant when it exists in the minds of persons in a position to influence the purchasing decision or persons whose confusion presents a significant risk to the sales, goodwill, or reputation of the trademark owner." Id.

On the undisputed facts of this case, no actionable likelihood of confusion is possible. Brookline Bank's use of the Order Form was at FPC's direction and the only "person" who saw the form was FPC. FPC was not a "person[] whose confusion presents a significant risk to the sales, goodwill, or reputation of the trademark owner." Beacon Mutual, 376 F.3d at 10.

FPC provided the Order Form to Brookline Bank in the first place so the form obviously did not precipitate any confusion on FPC's part.

Moreover, even if Brookline's use of the Order Form provided by and as directed by FPC somehow could be said to have confused FPC into thinking there was an association between Brookline Bank and H.O.M.E. (the illogic of this proposition is apparent), any such confusion did not present a significant risk of harm to H.O.M.E.'s "sales, good will, or reputation." H.O.M.E. does not make reverse mortgage loans itself and alleges no lost sales. As to good will and reputation, the risk alleged in the Complaint is that H.O.M.E. would be tarnished with

Brookline Bank's alleged conduct in making variable rate reverse mortgage loans, which H.O.M.E. alleges violate Massachusetts law. Complaint ¶¶ 45-46. Yet, Massachusetts General Laws chapter 167E, section 7, governing "Reverse mortgage loans," states that the interest rate of a reverse loan "may be fixed or variable." M.G.L. c. 167E, § 7(d)(5).[9] There was therefore no illegality posing a risk to H.O.M.E.'s goodwill or reputation from an association with Brookline Bank. Id.

In any event, Brookline Bank's use of the Order Form would have dispelled, not implied, an association between Brookline Bank and H.O.M.E., because Brookline Bank checked "No" in the Order Form box asking whether a copy of FPC's calculation should be sent to H.O.M.E., demonstrating the lack of any association between them. Blair Affidavit ¶ 7.

There being no actionable likelihood of confusion, Defendants are entitled to judgment on Plaintiff's trademark claims.

## CONCLUSION

For all these reasons, Defendants request that the Court grant their motion, dismiss all counts of Plaintiff's Complaint with prejudice, enter judgment for Defendants, and award costs including a reasonable attorney's fee to Defendants as the prevailing parties under 17 U.S.C. §505 in an amount to be determined by the Court after decision on this motion.

---

[9] The Federal Housing Authority reverse mortgage program also permits fixed or variable rate mortgages. See http://www.hud.gov/offices/hsg/sfh/hecm/hecmabou.cfm (last viewed March 15, 2010) ("borrowers can choose an adjustable interest rate or a fixed rate"). As a federally chartered (not state chartered) savings association, Brookline Bank is subject to federal, not state, regulation. Indeed, Office of Thrift Supervision regulations preempt the application to Brookline Bank of Massachusetts state laws addressing reverse mortgage loans. See 12 C.F.R § 560.2 (preempting application to federally chartered savings association of state laws regulating, inter alia, (i) licensing, registration and filings; (ii) loan to value ratios; (iii) terms of credit; (iv) loan-related fees; (v) disclosures to borrowers; (vi) mortgage origination and processing; and (vii) disbursement of loan proceeds).

<div style="margin-left: 3em;">

Respectfully submitted,

BROOKLINE BANCORP, INC., BROOKLINE SAVINGS BANK, BROOKLINE BANK, AND BROOKLINE BANCORP, M.H.C.

By its attorneys,

 */s/ Bruce E. Falby*
Bruce E. Falby (BBO #544143)
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
T (617) 406-6000
F (617) 406-6100

</div>

Dated:  March 15, 2010

## Certificate of Service

     I hereby certify that this document filed through the ECF system on March 15, 2010 will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

<div style="margin-left: 3em;">

*/s/ Bruce E. Falby*
Bruce E. Falby

</div>