United States District Court
District of Massachusetts

```
_____
                               )
Homeowner Options for          )
Massachusetts Elders, Inc.,    )
        Plaintiff,             )
                               )   Civil Action No.
        v.                     )   09-11790-NMG
                               )
Brookline Bancorp, Inc.,       )
Brookline Savings Bank,        )
Brookline Bank, Brookline      )
Bancorp, M.H.C., and           )
John Doe 1-88,                 )
        Defendants.            )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Homeowner Options for Massachusetts Elders, Inc. ("H.O.M.E.") brings suit against defendants Brookline Bancorp, Inc., Brookline Savings Bank, Brookline Bank, and Brookline Bancorp, M.H.C. (collectively "Brookline Bank"), as well as John Doe 1-88, for copyright and trademark infringement.

I.  **Background**

In October, 2010, the Court awarded summary judgment in favor of the plaintiff with respect to the copyright claims (Counts I and II) and denied the defendants' motion for judgment on the pleadings on those same counts. The Court also denied the defendants' motion for summary judgment with respect to the trademark claims (Counts III, IV and V). On December 1, 2010,

the Court issued a Memorandum and Order ("M&O") explaining its rulings.

Eight weeks later, on January 24, 2011, the defendants moved for reconsideration of the Court's rulings with respect to the copyright claims on the grounds that the Court "made clear errors of fact...[which] led to clear errors in rulings of law." The motion cites no applicable rule or law but is unopposed.

## II. Analysis

It is unclear which Federal Rule of Civil Procedure, if any, applies here because the defendants' "motion for reconsideration" cites none. Because the rules do not specifically address "motions for reconsideration", the Court considers two possible rules implicated by the defendants' argument. The Court has "substantial discretion and broad authority to grant or deny" a motion for reconsideration made pursuant to either Fed. R. Civ. P. 59(e) or 60(b). Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 81 (1st Cir. 2008). Under either rule, however, the Court concludes that the defendants' motion must be denied.

Pursuant to Rule 59(e), the Court may allow a motion for reconsideration "only where the movant shows a manifest error of law or newly discovered evidence." See Kansky v. Coca-Cola Bottling Co. of New Eng., 492 F.3d 54, 60 (1st Cir. 2007). Such a motion must be filed no later than 28 days after the entry of the judgment, otherwise the Court is "without authority to

consider it." Fisher v. Kadant, Inc., 589 F.3d 505, 511 (1st Cir. 2009). Indeed, "this time limit is mandatory. An untimely motion under Rule 59(e) is a nullity." Id. (citations omitted); see also Melendez v. Autogermana, Inc., 622 F.3d 46, 56 n.10 (1st Cir. 2010) (noting a district court lacks jurisdiction to consider an untimely Rule 59(e) motion to reconsider a summary judgment ruling). Because defendants failed to move for reconsideration until long after the 28-day period expired, their motion for reconsideration, if construed as having been brought pursuant to Rule 59(e), is untimely and must be denied.

Alternatively, a motion for reconsideration may be filed pursuant to Rule 60(b) which enumerates six grounds for relief from a final judgment or order. The defendants' motion plausibly implicates only the ground of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Because a Rule 60(b)(1) motion must be filed "within a reasonable time...no more than a year after the entry of the judgment or order," the defendants' motion under that rule would be timely. See Fed. R. Civ. P. 60(c)(1).

The defendants' motion alleges, however, that the Court made errors of law and "an error of law cannot be regarded as a 'mistake' within the purview of Rule 60(b)(1)." Fisher, 589 F.3d at 513 n.5 (citing Silk v. Sandoval, 435 F.2d 1266, 1267 (1st Cir. 1971)). Indeed, to hold otherwise would construe Rule

60(b)(1) as co-extensive with Rule 59(e), thereby undermining the latter's purpose. See Silk v. Sandoval, 435 F.3d 1266, 1268 (1st Cir. 1971). A motion for reconsideration premised on judicial error must, therefore, be construed as controlled by Rule 59(e) and not Rule 60(b). Id. The defendants' motion is untimely and will be denied.

## ORDER

In accordance with the foregoing, the defendants' motion for reconsideration (Docket No. 47) is **DENIED**.

**So ordered.**

                               /s/ Nathaniel M. Gorton  
                               Nathaniel M. Gorton  
                               United States District Judge

Dated February 11, 2011