United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| Homeowner Options for Massachusetts Elders, Inc., Plaintiff, | ) ) ) ) ) | |
| v. | ) ) | Civil Action No. 09-11790-NMG |
| Brookline Bancorp, Inc., Brookline Savings Bank, Brookline Bank, Brookline Bancorp, M.H.C., and John Doe 1-88, Defendants. | ) ) ) ) ) ) ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Homeowner Options for Massachusetts Elders, Inc. ("H.O.M.E.") brings suit against defendants Brookline Bancorp, Inc., Brookline Savings Bank, Brookline Bank, and Brookline Bancorp, M.H.C. (collectively "Brookline Bank"), as well as John Doe 1-88, for copyright and trademark infringement.

In October, 2010, the Court awarded summary judgment in favor of the plaintiff with respect to the copyright claims (Counts I and II) and denied the defendants' motion for judgment on the pleadings on those same counts. The Court also denied the defendants' motion for summary judgment with respect to the trademark claims (Counts III, IV and V). On December 1, 2010, the Court issued a Memorandum and Order ("December M&O") explaining its rulings.

-1-

On January 24, 2011, the defendants moved for reconsideration of the Court's rulings with respect to the copyright claims on the grounds that the Court "made clear errors of fact...[which] led to clear errors in rulings of law." Defendants failed to cite any applicable Federal Rule of Civil Procedure or other authority in support.

On February 11, 2011, the Court issued a Memorandum & Order ("February M&O") denying defendants' motion for reconsideration. The Court first noted that it was unclear which Federal Rule of Civil Procedure the defendants relied on because defendants' motion cited none. The Court then considered two possible rules implicated and denied the motion on the grounds that it was untimely under Fed. R. Civ. P. 59(e) and did not fall within the purview of Fed. R. Civ. P. 60(b).

Defendants now move for reconsideration of the Court's ruling on the first motion for reconsideration on the ground that neither Rule 59(e) nor 60(b) applies because no "judgment" has yet entered.

The point is well-taken that the ruling in the December M&O which allowed summary judgment in plaintiff's favor on the copyright counts is not a "judgment" subject to either Rule 59(e) or Rule 60(b). To that extent, the Court's ruling on defendants' first motion for reconsideration is inapt.

Under Local Rule 7.1(b)(1), however, a party is required to include citation of supporting authorities in explaining why its motion should be granted. Had defendants provided a scintilla of the supporting authority that they now cite in their second motion for reconsideration, indeed, had defendants referenced Fed. R. Civ. P. 54(b) at all, this prolonged exercise would have been avoided.

Because the first motion for reconsideration was not, in fact, untimely pursuant to Fed. R. Civ. P. 54(b), the Court will vacate its February M&O (Docket No. 53). Before the Court considers defendants' original motion for reconsideration (Docket No. 47) on the merits, however, plaintiff may file an opposition, if any, on or before March 17, 2011.

### ORDER

In accordance with the foregoing, defendants' second motion for reconsideration (Docket No. 54) is **ALLOWED**, and the Court's M&O issued February 11, 2011 (Docket No. 53) is thereby **VACATED**. Plaintiff's opposition on the merits, if any, to defendants' original motion for reconsideration (Docket No. 47) is due on or before March 17, 2011.

**So ordered.**

                                            /s/ Nathaniel M. Gorton
                                            Nathaniel M. Gorton
                                            United States District Judge

Dated March 3, 2011