```
                    United States District Court
                      District of Massachusetts
_____
                                   )
Homeowner Options for              )
Massachusetts Elders, Inc.,        )
        Plaintiff,                 )
                                   )    Civil Action No.
        v.                         )    09-11790-NMG
                                   )
Brookline Bancorp, Inc.,           )
Brookline Savings Bank,            )
Brookline Bank, Brookline          )
Bancorp, M.H.C., and               )
John Doe 1-88,                     )
        Defendants.                )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Homeowner Options for Massachusetts Elders, Inc. ("H.O.M.E.") brings suit against defendants Brookline Bancorp, Inc., Brookline Savings Bank, Brookline Bank, and Brookline Bancorp, M.H.C. (collectively "Brookline Bank"), as well as John Doe 1-88, for copyright and trademark infringement.

## I. Background

In October, 2010, the Court awarded summary judgment in favor of the plaintiff with respect to the copyright claims (Counts I and II) and denied the defendants' motion for judgment on the pleadings on those same counts. The Court also denied the defendants' motion for summary judgment with respect to the trademark claims (Counts III, IV and V). On December 1, 2010,

the Court issued a Memorandum and Order ("the December M&O") explaining its rulings.

On January 24, 2011, the defendants moved for reconsideration of the Court's rulings with respect to the copyright claims (Counts I and II) on the ground that the Court "made clear errors of fact...[which] led to clear errors in rulings of law." Defendants failed to cite any applicable Federal Rule of Civil Procedure or other authority in support. After the Court determined that defendants' motion was not, in fact, untimely pursuant to Fed. R. Civ. P. 54(b), plaintiff filed an opposition.

The Court now addresses defendants' motion for reconsideration with respect to the copyright claims (Counts I and II) on the merits. Because neither party moved for reconsideration with respect to the trademark claims (Counts III, IV and V), the Court's denial of defendants' motion for summary judgment on those counts is reaffirmed.

## II. Analysis

### A. Legal Standard

Pursuant to Fed. R. Civ. P. 54(b), the Court has the power to afford relief from interlocutory judgments "as justice requires." Greene v. Union Mut. Life Ins. Co. of Am., 764 F.2d 19, 22 (1st Cir. 1985) (citations omitted). Whether to reconsider an order is "within the sound discretion" of the

Court.  Campos v. P.R. Sun Oil Co., Inc., 536 F.2d 970, 972 n.6 (1st Cir. 1976).

**B. Application**

In the exercise of its discretion, the Court determines that reconsideration is appropriate based on the defendants' allegations of error.  The Court now reconsiders its ruling with respect to the copyright claims (Counts I and II) in the December M&O, addressing each of defendants' arguments seriatim.

**1. Authorship**

Defendants argue that: 1) the Court erroneously found that the H.O.M.E. Mortgage Form was created by Gabriel Nizetic ("Nizetic"), an intern, rather than by both Nizetic and Stephen Greenbaum ("Greenbaum"), H.O.M.E.'s President and Director and 2) discovery pursuant to Fed. R. Civ. P. 56(f) is necessary.

Even if Greenbaum co-authored the H.O.M.E. Mortgage Form with Nizetic, H.O.M.E. would still be the owner of the copyright. Greenbaum was an officer and employee of H.O.M.E., the form was created within the scope of his employment and the copyright in his work would therefore be owned by H.O.M.E.  See 17 U.S.C. § 101 (defining "work made for hire" as, inter alia, "a work prepared by an employee within the scope of his or her employment").

Moreover, H.O.M.E. filed for and received copyright registration which has not been disputed by any of the other

possible owners.  H.O.M.E. enjoys a presumption of validity in its ownership status as stated in that registration.  See 17 U.S.C. § 410(c); S. Bell Tel. & Tel. v. Associated Tel. Directory Publishers, 756 F.2d 801, 811 (11th Cir. 1985).  Indeed, "it would be unusual and unwarranted to permit a third-party infringer" to challenge copyright ownership or a transfer thereof.  Imperial Residential Design, Inc. v. Palms Dev. Grp., Inc., 70 F.3d 96, 99 (11th Cir. 1995).

Even if Nizetic and Greenbaum co-authored the H.O.M.E. Mortgage Form, H.O.M.E. is the owner of the copyright and no discovery is warranted because H.O.M.E. enjoys a presumption of validity that has not been rebutted and discovery on that point would not reveal any material fact.

### 2. The Release

Defendants contend that the release signed by Nizetic on February 12, 1990 ("the Release") did not constitute an assignment of the copyrights to H.O.M.E.  For the same reasons already stated in the December M&O and herein, the Court finds that H.O.M.E. is the copyright owner.  Nizetic signed the Release, as well as the Copyright Ownership Agreement ("the Nunc Pro Tunc") reiterating the Release and the assignment of the copyrights to H.O.M.E.  Defendants may not use the "timing or technicalities" of the written agreement between Nizetic and H.O.M.E. to escape liability for infringement if it is otherwise

proven. See Lyrick Studios, Inc. v. Big Idea Prod., Inc., 420 F.3d 388, 392 (5th Cir. 2005).

### 3. The License

Defendants dispute that the participation fee it paid to H.O.M.E. amounted to a licensing fee for the copyrighted works and argue rather that it was a "charitable assessment". In fact, it is undisputed that defendants paid "annual participation fees to H.O.M.E." and that in exchange, "as a participant in the program" the defendants received the copyrighted materials. Although the word "license" may not have been used, it is clear that the parties understood the use of the forms to be contingent upon participation in the program which was premised upon annual participation fees and compliance with reporting and other requirements. The exchange of copyrighted materials in consideration for payment and an agreement to abide by the program rules constituted a license.

### 4. Willfulness

Defendants deny that the infringement was willful because they never acknowledged the validity of plaintiff's intellectual property. Infringement is willful if the defendants knew or should have known that their conduct constituted copyright infringement, or acted in reckless disregard of the copyright holder's rights. Fitzgerald v. CBS Broad., Inc., 491 F. Supp. 3d 177, 190-91 (D. Mass. 2007). The Court finds willful copyright

infringement here not only based upon defendants' continued use of the copyrighted materials after the license was terminated but also because defendants continued to use the copyrighted materials even <u>after</u> the Complaint in this case was filed and they had clear notice that their conduct might constitute infringement. <u>See</u> <u>Columbia Pictures Tel.</u> v. <u>Krypton Broad. of Birmingham</u>, 106 F.3d 284, 293-94 (9th Cir. 1997).

In sum, the Court finds that even though reconsideration of defendants' motion is appropriate, upon such reconsideration with respect to the copyright claims (Counts I and II), the Court will reaffirm its decision in the December M&O, whereby defendants' motion for judgment on the pleadings was denied and plaintiff's motion for summary judgment was allowed.

## ORDER

In accordance with the foregoing, the defendants' motion for reconsideration (Docket No. 47) is **ALLOWED**. Upon reconsideration, however, the Court **REAFFIRMS** its decision and 1) defendants' motion for judgment on the pleadings on Counts I and II (Docket No. 15 ) is **DENIED,** and 2) plaintiff's motion for summary judgment on Counts I and II (Docket No. 22 ) is **ALLOWED. So ordered.**

                                        /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated May 12, 2011