```
                    United States District Court
                      District of Massachusetts
```

```
_____
                               )
Homeowner Options for          )
Massachusetts Elders, Inc.,    )
        Plaintiff,             )
                               )    Civil Action No.
        v.                     )    09-11790-NMG
                               )
Brookline Bancorp, Inc.,       )
Brookline Savings Bank,        )
Brookline Bank, and Brookline  )
Bancorp, M.H.C.,               )
        Defendants.            )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Homeowner Options for Massachusetts Elders, Inc. ("H.O.M.E.") filed this action against defendants Brookline Bancorp, Inc., Brookline Savings Bank, Brookline Bank, and Brookline Bancorp, M.H.C. (collectively "Brookline Bank") for copyright and trademark infringement.

In December 2010, this Court granted summary judgment for the plaintiff on the copyright infringement claims, concluding that the undisputed facts compel the conclusion that the defendants willfully infringed plaintiff's copyright in the H.O.M.E. Mortgage Form. At the joint request of the parties, the case then proceeded to mediation. Settlement discussions hit a snag when the parties were unable to agree on the meaning and

-1-

application of Section 504 of Copyright Act, which prescribes the damages available to a copyright owner upon a finding of infringement. The parties now ask the Court to resolve the dispute over the application of the statutory language so the settlement discussions may progress.

## I. Legal Analysis

Section 504(a) of the Copyright Act provides that a prevailing plaintiff in a copyright action may recover either actual damages plus profits or statutory damages. 17 U.S.C. § 504(a). If the copyright owner opts for the former measure of damages, it

> is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages.

17 U.S.C. § 504(b). If the copyright owner elects statutory damages instead, it is entitled to an award of between $750 and $150,000 for the infringement of any one "work" infringed willingly. 17 U.S.C. § 504(c). Among the factors for the fact-finder to consider in awarding statutory damages are "(1) expenses saved and profits reaped by the defendant, (2) revenues lost by the plaintiffs, (3) the deterrent value of the award, and (4) whether the infringement was willful or innocent." Sixx Gunner Music v. The Quest, Inc., 777 F. Supp. 2d 272, 274 (D. Mass. 2011).

Defendants contend that if H.O.M.E. elects to recover actual

damages, it is not entitled to any profits of Brookline Bank from the reverse mortgage loans it made using the H.O.M.E. Mortgage Form because those profits are not "attributable to the infringement." Because customers would have purchased the reverse mortgage loans regardless of the H.O.M.E. Mortgage Form, the argument goes, profits from such purchases may not be recovered under § 504(b). Defendants seek summary judgment on that issue.

Plaintiff responds that the bar on recovery of profits arises only if plaintiff opts for actual damages. That is, if plaintiff elects statutory damages, all profits (attributable and not attributable to the infringement) are considered in calculating a fair damages award within the $750 to $150,000 statutory range. While that is true, it does not address defendants' entitlement to summary judgment. Because plaintiff presents no evidence to rebut defendants' claim that its profits from reverse mortgage loans were not "attributable" to their use of the H.O.M.E. Mortgage Form and a jury could not reasonably conclude otherwise, see Phoenix Renovation Corp. v. Rodriguez, 461 F. Supp. 2d 411, 423 (E.D. Va. 2006) (finding it doubtful that customers hired the defendant because of the form of the contract used), defendants' motion for summary judgment will be allowed with respect to that issue.

The parties are likewise at odds over whether an award of

statutory damages should be capped at $150,000.  They agree that the statutory maximum is set at $150,000 per work but disagree on the number of works infringed in this case.  Defendants submit that there is only one "work," the H.O.M.E. Mortgage Form, and reason that plaintiff would be entitled to no more than $150,000 if it elects statutory damages.  Plaintiff counters that the number of works infringed is a genuine issue of material fact.  Plaintiff does not specify which other works were willfully infringed, nor does it elaborate on the purported dispute of fact.  This Court's review of the Complaint sheds no light on the matter.  Count II, alleging willful infringement, refers only to the H.O.M.E. Mortgage Form.  Again, the confluence of defendants' persuasive argument and plaintiff's failure to offer evidence or rebuttal compels a ruling of summary judgment in favor of the defendants.

**ORDER**

In accordance with the foregoing,

1) defendants' cross-motion for summary judgment on damages (Docket No. 73) is **ALLOWED**; and

2) plaintiff's cross-motion for summary judgment on damages (Docket No. 80) is **DENIED.**

The Court presumes resolution of the foregoing issues will enhance the settlement process but if it is mistaken, trial will commence on Monday, November 5, 2012, at 9:00 a.m. to resolve this case which will soon be four years at the bar.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 31, 2012